Lisa M. Krimen, Salt Lake City, for appellant.

David L. Wilkinson, Atty. Gen., Salt Lake City, for respondent.

**STATE of Utah, in the Interest of J.L.K. (07/24/66), a person under eighteen years of age.**

**STATE of Utah, in the Interest of T.S.V. (11/22/67), a person under eighteen years of age.**

**Nos. 20467, 20468.**

Supreme Court of Utah.

Oct. 30, 1986.

PER CURIAM:

Appellants appeal from separate orders entered by the Second District Juvenile Court on findings that the juveniles committed acts of vandalism on or about April 3, 1984, and damaged the properties of Breitling Brothers Construction Co., Glendale Golf Course, and Raging Waters, all in Salt Lake City. During their escapades, the juveniles tampered with two heavy equipment tractors owned by Breitling Brothers and drove them from the Breitling property over the properties of Raging Waters and Glendale Golf Course. A backhoe was used to dig a large hole in the golf course, and a tractor was used to push over a light pole embedded in cement at Raging Waters. The juveniles abandoned one tractor in a nearby river, causing damage to the tractor.

Shortly after the vandalism occurred, appellants, together with a friend named Jason and another companion, were at the home of appellant J.L.K. Appellants related to Jason their involvement in the vandal-

ism, saying that they drove the tractors around and "played war," breaking things up. Jason testified before the juvenile court, relating appellants' statements. The court found beyond a reasonable doubt that appellants committed the offenses and that the juveniles were within the jurisdiction of the juvenile court. Payment of restitution was ordered against appellants.

Appellants appeal, arguing that the testimony given by Jason is inadmissible hearsay and should be given little weight; that Jason's testimony is insufficient evidence on which to base a conviction because it is uncorroborated, and that the State failed to meet its burden of proving the allegations of the complaint beyond a reasonable doubt. We affirm.

■ Jason related admissions made to him by appellants. Such admissions are defined in Rule 801(d)(2)(A) of the Utah Rules of Evidence as statements which are not hearsay. Such admissions are admissible in criminal as well as civil cases. *See State v. Kerekes*, 622 P.2d 1161 (Utah 1980). Inasmuch as Jason's testimony did not constitute hearsay, appellants' point is without merit.

■ Though appellants admit that Jason was not an accomplice, they state that he was initially a suspect in the vandalism and that his testimony must therefore be viewed with suspicion. However, Jason was not a suspect in the case, but was merely a witness who related admissions made to him, and appellants' point has no merit.

■ Finally, appellants argue that the State failed to meet its burden of proving the allegations of the complaint beyond a reasonable doubt. Appellants have failed to show wherein the evidence was so lacking and insubstantial that a reasonable person could not have reached a verdict beyond a reasonable doubt. *See State v. Tanner*, 675 P.2d 539 (Utah 1983). The State proved in this case that the vandalism occurred and that appellants admitted doing it. The juvenile court could reasonably find, beyond a reasonable doubt, that the

juveniles therefore committed the vandalism. The court's judgment and order are affirmed.